No. 35,130

CHARLES MEIXNER, *Appellant*, v. PAUL HEUSSER and THE PHOENIX ASSURANCE COMPANY, LTD., of London, England, *Appellees*.

(112 P. 2d 103)

Opinion filed April 12, 1941.

*Blake A. Williamson, James K. Cubbison, Lee Vaughan, Jr.,* and *H. G. Wierenga,* all of Kansas City, for the appellant.

*William E. Carson* and *Joseph Cohen,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an attachment proceeding. In September, 1936, plaintiff recovered personal judgment for $2,558.84 against the defendant, Paul Heusser, in the district court of Wyandotte county. On May 1, 1940, plaintiff had an alias execution issued on this judgment. This was returned unsatisfied. On June 12, 1940, plaintiff caused a garnishment summons to be issued on the judgment and directed to the Guaranty State Bank. The bank answered that it "was indebted and owed said defendant, Paul F. Heusser & Company, General Agent, Trust Account, the sum of $476.68 . . ." Paul Heusser filed an answer taking issue with the averments of the affidavit of garnishment, and with the answer of the garnishee, and alleging that he was agent for several insurance companies; that the sum in the bank account was made up of premiums collected by him on insurance policies delivered, and that it belonged to the insurance

companies and was held by him in trust for them. The Phoenix Assurance Company, Ltd., by leave of court, filed its interplea in which it alleged Heusser was its agent under a written contract, which is set out, by which he was authorized to deliver insurance policies and collect the premiums thereon. This contained a clause:

"All premiums received by the agent shall be held by him as trustee for the company until delivered to it. The privilege being granted of taking commissions provided in section 7 from premiums shall not be considered as changing the relationship of the respective parties hereto."

Attached as an exhibit was a list of policies, upon which defendant had collected the premiums and had not remitted to the insurer, showing total collections of $635.88, less commissions of $158.97, leaving as belonging to the insurer $476.91, which, less the bank charges of 23 cents, left $476.68, the amount reported by the bank as being in the trust account.

A hearing was had upon the answer and interplea, with the result that the court discharged the garnishment. Plaintiff has appealed.

Appellant argues that his demurrer to the answer, to the interplea, and to the evidence should have been sustained as insufficient to establish that the money garnisheed was the property of the insurer held by defendant as a trust fund. Our statute (G. S. 1935, 40-247) in substance provides that an agent who rightfully receives the premium on an insurance policy holds such premium in trust for the insurer. If he uses the money for some other purpose than paying it to the insurer he is guilty of larceny. Even if the agent does not remit the premium to the insurer, the policy is in force, and the insurer cannot cancel it for nonpayment of premium. (*Riddle v. Rankin,* 146 Kan. 316, 69 P. 2d 722.) The substance of this statute had been written in the agency contract. The pleadings and the evidence on behalf of defendant, used also on behalf of the interplea, fairly tended to show that the sum in the bank account at the time of the garnishment was made up of insurance premiums collected, was in fact a trust fund, within the meaning of the statute, previously cited, and within the meaning of the agency contract, and did in fact belong to the interpleading insurer. Plaintiff offered no evidence.

Appellant makes some criticism of the evidence, but this goes to its weight rather than to its sufficiency. The weight to be given to the evidence was for the trial court. We examine it only to see if it is sufficient to sustain the judgment. We think it ample for that purpose. The judgment of the trial court is affirmed.